UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RONNIE A. ALLEN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 4:12 CV 1065 ERW/DDN |
| | ) |
| IAN WALLACE, | ) |
| | ) |
| Respondent. | ) |

## REPORT AND RECOMMENDATION

This action is before the court upon the petition of Missouri state prisoner Ronnie A. Allen for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to the undersigned United States Magistrate Judge for a report and recommended disposition pursuant to 28 U.S.C. § 636(b)(1). For the reasons set forth below, the undersigned recommends the denial of the petition for a writ of habeas corpus.

## I. BACKGROUND

On February 9, 2006, petitioner pled guilty in the Circuit Court of Cape Girardeau County to murder in the second degree. State v. Allen, 05CJ-CR00006.[1] On May 22, 2006, the Cape Girardeau County Circuit Court sentenced petitioner to twenty years imprisonment. (Doc. 1 at 14.)

On March 26, 2012, petitioner challenged the Missouri Department of Corrections' classification of petitioner as a dangerous offender in a petition for a writ of mandamus to the Missouri Court of Appeals. Allen v. Missouri Department of Corrections, WD75033. On April 6, 2012, the court denied the mandamus petition. (Doc. 1 at 25.)

---

[1] The undersigned takes judicial notice regarding the background of this action from Case.net, http://www.courts.mo.gov/casenet/ (last visited August 12, 2013).

On May 7, 2012, petitioner commenced this action for a writ of habeas corpus in the United States District Court for the Western District of Missouri. That court transferred the action to this court. (Doc. 6.)

## II. PETITIONER'S GROUND FOR HABEAS RELIEF

In his sole ground for relief in this habeas action, petitioner claims that the Missouri Department of Corrections violated the separation of powers doctrine and his constitutional rights to due process and equal protection by improperly classifying him as a dangerous offender, which resulted in lengthier minimum prison term.[2] (Doc. 1 at 1-24.)

Respondent contends that petitioner did not file his habeas petition in a timely manner and failed to exhaust state law remedies. (Doc. 12.) Respondent further contends that petitioner's ground is not cognizable and without merit. (Id.)

## III. DISCUSSION

To obtain federal habeas relief, state prisoners must file their habeas petitions within one year of the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

---

[2] Missouri law defines "minimum prison term" as "time required to be served by the offender before he or she is eligible for parole, conditional release or other early release by the department of corrections." Mo. Rev. Stat. § 558.019(5).

Petitioner alleges that on May 24, 2006, the Missouri Department of Corrections improperly amended his sentence to include dangerous offender status. Petitioner explains that he did not notice this amendment until he received from a public defender a letter, dated March 8, 2012, and a copy of his indictment. These documents do not indicate or contain this notice. (See Doc. 13-1.) Petitioner does not argue that he could not have discovered with due diligence the alleged amendment or his indictment on an earlier date. Petitioner filed the instant federal habeas petition in the Western District district court on May 7, 2012, within one year following March 8, 2012. (Doc. 1.) While, as stated, the undersigned does not find that the March 8, 2012 correspondence does not corroborate petitioner's statement that he first learned of his sentence status then, the undersigned does not find the record established and earlier date on which the factual predicate for the claim could have been earlier discovered through due diligence. 28 U.S.C. § 2244(d)(1)(D).

Additionally, even if petitioner filed in a timely manner and assuming exhaustion and avoidance of procedural bar, as argued by respondent, petitioner's claim would not entitle him to habeas relief. Petitioner first argues that the Missouri Department of Corrections violated the separation of powers doctrine by usurping the sentencing court's obligation to determine dangerous offender status. Significantly, courts may entertain the habeas petitions of state prisoners only on grounds that the prisoner is in custody in violation of federal law. 28 U.S.C. § 2254(a). However, "the doctrine of separation of powers embodied in the Federal Constitution is not mandatory on the States." Whalen v. United States, 445 U.S. 684, 689 n.4 (1980). Accordingly, petitioner's claim regarding the separation of powers doctrine is not a cognizable ground for habeas relief.

Petitioner further argues that the Missouri Department of Corrections violated his right to due process by depriving him of the procedural safeguards of Mo. Rev. Stat. § 558.021. "To establish a violation of procedural due process, a plaintiff must show that he has been deprived of a constitutionally protected life, liberty or property interest." Mulvenon v. Greenwood, 643 F.3d 653, 657 (8th Cir. 2011) (quotation citation omitted).

To support his argument, petitioner relies Scharnhorst v. State, 775 S.W.2d 241 (Mo. Ct. App. 1989). In Scharnhorst, the court set aside a sentence and remanded after determining that, because persistent offender status allowed for the imposition of lengthier sentences, the failure to adhere to the procedural safeguards of Mo. Rev. Stat. § 558.021 violated the right to due process. Id. at 243-45.

Petitioner's assertion that the Missouri Department of Corrections classified him as a dangerous offender is erroneous, and, therefore, neither Scharnhorst nor Mo. Rev. Stat. § 558.021 applies to petitioner. Specifically, the procedural safeguards of Mo. Rev. Stat. § 558.021 apply to findings that enhance the length of sentences, including the status of a sentenced prisoner as a "prior offender, persistent offender, dangerous offender, persistent sexual offender or predatory sexual offender." Mo. Rev. Stat. §§ 558.016(7); 558.021(1).

By contrast, the Missouri Department of Corrections classified his offense as a dangerous felony (Doc. 1 at 14), which increased the time that he must serve in prison to become parole eligible. Mo. Rev. Stat. § 558.019(3). Missouri law considers second degree murder a dangerous felony and requires that those committing such felonies must serve a minimum prison term of eighty-five percent of their sentence. Id.; Mo. Rev. Stat. § 556.061(8).

"[T]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." Greenholtz v. Inmates of Nebraska Penal & Corr. Complex, 442 U.S. 1, 7 (1979). States may create a constitutionally protected interest by placing "substantive limitations on the exercise of official discretion." Jones v. Moore, 996 F.2d 943, 945 (8th Cir. 1993). However, Missouri law creates no such interest. Adams v. Agniel, 405 F.3d 643, 645 (8th Cir. 2005); see also State ex rel. Cavallaro v. Groose, 908 S.W.2d 133, 135 (Mo. banc 1995). Therefore, petitioner's argument that the Missouri Department of Corrections violated his right to due process is without merit.

Finally, petitioner argues that the Missouri Department of Corrections violated the Equal Protection Clause because other prisoners guilty of more heinous crimes are not subject to the eighty-five percent minimum prison term requirement.

"[T]he first step in an equal protection case is determining whether the plaintiff has demonstrated that [he] was treated differently than others who were similarly situated to [him]." Klinger v. Dep't of Corr., 31 F.3d 727, 731 (8th Cir. 1994). "Absent a threshold showing that [he] is similarly situated to those who allegedly receive favorable treatment, the plaintiff does not have a viable equal protection claim." Id.

Petitioner has not described the circumstances of his own crime and the crimes of such other prisoners and their sentences in a manner that would allow meaningful analysis under the Equal Protection Clause. Moreover, petitioner cites no law and submits no evidence supporting this claim. In short, petitioner fails to allege sufficient information to support an Equal Protection claim. See Adams v. Armontrout, 897 F.2d 332, 334 (8th Cir. 1990) ("[T]o substantially comply with the Section 2254 Rule 2(c), a petitioner must state specific, particularized facts which entitle him or her to habeas corpus relief for each ground specified.").

## IV. CONCLUSION

For the reasons set forth above,

**IT IS HEREBY RECOMMENDED** that the petition of Ronnie A. Allen for a writ of habeas corpus (Doc. 1) be denied.

The parties are advised that they have 14 days to file written objections to the Report and Recommendation. The failure to file timely written objections may waive the right to appeal issues of fact.

      /S/   David D. Noce
**UNITED STATES MAGISTRATE JUDGE**

Signed on August 12, 2013.