UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RONNIE A. ALLEN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 4:12CV1065 ERW |
| ) | |
| IAN WALLACE, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on the petition of Ronnie A. Allen ("Petitioner") for a writ of habeas corpus under 28 U.S.C. § 2254 [ECF No. 1] and the Report and Recommendation of United States Magistrate Judge David D. Noce, pursuant to 28 U.S.C. § 636(b) [ECF No. 17]. Petitioner has filed Objections to the Report and Recommendation [ECF No. 23]. When a party objects to a magistrate's report and recommendation, the Court must conduct a *de novo* review of the portions of the report, findings, or recommendations to which the party objects. *See United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir. 2003) (citing 28 U.S.C. § 636(b)(1)).

**I.    BACKGROUND**

On February 9, 2006, Petitioner pleaded guilty to murder in the second degree, a class A felony, in the Circuit Court of Cape Girardeau County. *State v. Allen*, Case No. 05CJ-CR00006 [ECF No. 1 at 14-15]. Petitioner was sentenced to a term of imprisonment of twenty years and committed to the custody of the Missouri Department of Corrections ("DOC") on May 22, 2006.

Petitioner filed a petition for a writ of mandamus with the Missouri Court of Appeals, Western District, on March 26, 2012 [ECF No. 1 at 19-24]. In this petition, Petitioner challenged his alleged classification by the DOC as a dangerous offender, and asked that the state court order

his sentence to conform to the trial court's "oral rendition which did not make any findings [that Petitioner was] a prior, persistent, or dangerous offender[.]"  [ECF No. 1 at 24].  The Western District denied his petition on April 6, 2012. *Ex. Rel. Ronnie A. Allen v. Missouri Department of Corrections*, WD75033. [ECF No. 1 at 25].

Petitioner subsequently filed this 28 U.S,C, § 2254 Petition for federal habeas relief on May 7, 2012, presenting one ground [ECF No. 1].  Petitioner contemporaneously submitted a verified request for an evidentiary hearing [ECF No. 2].  In his Petition, Petitioner claims that the DOC violated the separation of powers doctrine and his constitutional rights to due process and equal protection by improperly classifying him as a dangerous offender, which required Petitioner to serve a lengthier minimum prison term.  Petitioner included two pages of his state judgment, and a "Department of Corrections Adult Institutions Face Sheet," dated February 12, 2012, with his § 2254 Petition [ECF No. 1 at 14-16].  The second page of the Judgment indicates that Petitioner had not been found to be a prior offender, persistent offender, dangerous offender, persistent sexual offender or predatory sexual offender [ECF No. 1 at 15].  The Face Sheet likewise lists no such status for Petitioner [ECF No. 1 at 16].  However, the Face Sheet's entry for  "Special Ind" states "Dangerous Felony," referring to Petitioner's second-degree murder conviction.

On August 13, 2012, the DOC filed its "Response to Order to Show Cause Why a Writ of Habeas Corpus Should Not Be Granted," contending: 1) Petitioner did not file his habeas petition in a timely manner; and 2) Petitioner's ground is not cognizable and is without merit [ECF No. 12].  Petitioner filed a Reply, stating that he believed he properly exhausted his state remedies before filing his Complaint with this Court [ECF No. 13].  Petitioner submitted a March 8, 2012 letter from his trial counsel, and a copy of the Information filed against him in the state case, and

stated he "took no action [to challenge his sentence] for six (6) years because he did not discover the facts constituting the violation until [his trial counsel's] discovery was made available to him." [ECF Nos. 13 at 6, 13-1]. The body of the March 8, 2012 letter stated, in its entirety:

> I received your letter and I hope you are in good health and spirits.  I am willing to send you your original file, but I will not retain a copy.  Due to budgetary constraints, we no longer copy a file upon request and retain the original.  If you are willing to accept these conditions, please execute the enclosed Acknowledgement (sic) of Receipt of File and return it to our office.  We will then forward your file to you once we receive your Acknowledgment.  I do not believe that the file contains a transcript of your sentencing hearing.

[ECF No. 13-1 at 1].

In his Report and Recommendation, the Magistrate Judge determined that, even if Petitioner had filed in a timely manner, and if exhaustion and avoidance of procedural bar were presumed, Petitioner's claims would not entitle him to habeas relief [ECF No. 17 at 3]. Specifically, the Magistrate concluded Petitioner's claim regarding the separation of powers doctrine is not a cognizable ground for habeas relief, because federal courts may entertain the habeas petitions of state prisoners only on grounds that the prisoner is in custody in violation of federal law.  The Magistrate also found that Petitioner erroneously asserted the Missouri Department of Corrections classified him as a "dangerous offender.  The Magistrate clarified that the Department classified Petitioner's offense as a "dangerous felony," which increased the time that Petitioner must serve in prison before becoming eligible for parole.  He found meritless Petitioner's argument that the Missouri Department of Corrections violated Petitioner's right to due process, because convicted persons do not have a constitutional or inherent right to be conditionally released before the expiration of a valid sentence, and Missouri had not created a constitutionally protected interest in such releases.  The Magistrate also found Petitioner failed to allege sufficient information to support an Equal Protection claim, as he did not describe the

3

circumstances of his crime and the crimes of prisoners similarly situated in a manner that would allow meaningful analysis under the Equal Protection Clause, and Petitioner did not cite law or submit evidence to support an Equal Protection claim. The Magistrate Judge recommended that Petitioner's petition for a writ of habeas corpus be denied.

## II. PETITIONER'S OBJECTIONS PERTAINING TO THE DENIAL OF THE GROUNDS FOR RELIEF IN HIS PETITION

Petitioner "objects, unequivocally, to every portion of the 08-12-2013 Report and Recommendation of Magistrate David D. Noce" [ECF No. 23 at 1]. Petitioner contends the Magistrate Court "acted in error disposing of the question . . .whether the department acted in access (sic) of its ministerial authority when it had performed the office of a mittimus to amend the sentencing court's judgment and sentence after [the sentencing court] emasculated itself of that responsibility" [ECF No. 23 at 2]. Petitioner also argues the Magistrate Court "erred in ruling it was not inappropriate for the [DOC] to act as an arm of the judiciary branch of government when altering its sealed judgment and sentence" [ECF No. 23 at 2].

## III. STANDARD OF REVIEW PURSUANT TO 28 U.S.C. § 2254

"A state prisoner who believes that he is incarcerated in violation of the Constitution or laws of the United States may file a petition for writ of habeas corpus in federal court pursuant to 28 U.S.C. § 2254." *Osborne v. Purkett*, 411 F.3d 911, 914 (8th Cir. 2005). In order for a federal court to grant an application for a writ of habeas corpus brought by a person in custody by order of a state court, the petitioner must show that the state court decision:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2).

"A state court's decision is contrary to clearly established law if the controlling case law requires a different outcome either because of factual similarity to the state case or because general federal rules require a particular result in a particular case." *Tokar v. Bowersox*, 198 F.3d 1039, 1045 (8th Cir. 1999) (internal quotation omitted).  An unreasonable application of clearly established Supreme Court precedent is found where the state court identifies the correct governing legal principle, but unreasonably applies that principle to the facts of the case. *Ryan v. Clark*, 387 F.3d 785, 790 (8th Cir. 2004).  Finally, a state court decision may be considered an unreasonable determination of the facts "only if it is shown that the state court's presumptively correct factual findings do not enjoy support in the record."  *Id.*

**IV.   DISCUSSION**

As an initial matter, the Court finds that, given its independent review of the Petitioner's habeas claims,  Petitioner's "unequivocal" objection to every portion of the Report and Recommendation will be denied.

The Court finds Petitioner failed to file his Petition in a timely manner.  A state prisoner ordinarily has one year to file a federal petition for habeas corpus, starting from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *See* 28 U.S.C. § 2244(d)(1)(A).  In cases where the petition alleges newly discovered evidence, the filing deadline is one year from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." *See* 28 U.S.C. § 2244(d)(1)(D).  Petitioner's contention that "he did not discover the error complained of herein until after he received the 'newly' attached Petitioner's Exhibit G, []Letter **Dated 08-Mar-2012** From Counsel of Record . . . With Attached

5

Copy of 'Information' Filed By the State . . ." (emphasis in original) is not supported by the referenced exhibits.  The Information that charged Petitioner with the class A felony of Murder in the second degree can hardly be characterized as new evidence, and the letter merely responds to Petitioner's request for his file.  Petitioner's explanation for six years' of inaction, i.e., that he "did not discover the facts constituting the violation until counsel Christopher Davis' discovery was made available to him," is unpersuasive, and is prefaced on Petitioner's erroneous assertion that the DOC classified him as a dangerous offender.  Petitioner's petition is untimely, and he has not diligently pursued his rights.  Nevertheless, as discussed in the Magistrate Judge's Report and Recommendation, even if Petitioner had timely filed his Complaint, exhausted his state remedies, and avoided procedural bar, Petitioner's claim still does not entitle him to habeas relief.

The Court notes Petitioner continues to confuse classification of his crime with classification of his status, as Petitioner still argues Missouri Revised Statute § 558.021 requires an offender's status as "dangerous" to be pleaded and proven prior to sentencing.  Petitioner contends such a status finding must be made by the sentencing court before an offender, who has pleaded guilty to a dangerous felony, can be required to serve a minimum prison term of eighty-five percent of the sentence imposed by the court.  Missouri Revised Statute § 558.021, however does not apply to Petitioner.  The extended term procedures of Section 558.021 apply only when the length of an offender's sentence is enhanced upon a court's finding that the defendant is a prior offender, persistent offender, dangerous offender, persistent sexual offender or predatory sexual offender.  *See* Mo. Rev. Stat. § 558.021.1(1)- (3).  The state court made no such finding concerning Petitioner; and contrary to his assertion, Petitioner is not classified as a "dangerous offender."

At the time of Petitioner's sentencing, Section 558.019 prescribed the minimum prison term Petitioner would be required to serve before he would be eligible for probation, parole, conditional release or other early release.  This section  provides that offenders pleading guilty to a dangerous felony, as defined in Mo. Rev. Stat. § 556.061, "shall be required to serve a minimum prison term of eighty-five percent of the sentence imposed by the court . . .."  Mo. Rev. Stat. 558.019.3.  Missouri Revised Statute § 556.061 defines "dangerous felony" to include the felony of murder in the second degree.  Mo. Rev. Stat. 556.061(8).  Thus, according to Sections 558.019.3 and 556.061, Petitioner's plea of guilty to the class A felony of murder in the second degree required him to serve a minimum term of eighty-five percent of the twenty-year sentence imposed by the state court.  Mo. Rev. Stat. 558.019.3.  In his Objection to the Report and Recommendation, Petitioner acknowledges he pleaded guilty to a dangerous felony, stating:

> Petitioner does not deny that he pleaded guilty to a dangerous felony.  Petitioner, further, does not deny that his crime is a dangerous felony that appears under the list of dangerous felonies for purposes of enhancing his servicing (sic) 85[%] of his sentence.  see 556.061(8).  However, before such an enforcement of serving that 85[%] of his sentence can be made the sentencing court must make the required finding under the law.  see 558.021.

[ECF No. 23 at 3].  Petitioner's mandatory minimum prison term was properly calculated in accordance with Section 558.019.

Among other things,  Petitioner contends the Magistrate Court erred by not commenting on the lack of cited authority "which legitimately authorizes the [DOC] to operate as an arm of the judiciary branch . . . to . . . classify Petitioner's offense as a dangerous felony, which increased the time that he must serve in prison to become parole eligible" [ECF No. 23 at 7]. Missouri law considers second-degree murder to be a dangerous felony, and requires those committing such felonies to serve a minimum prison term of eighty-five percent of their sentence.  Mo. Rev. Stat. §§ 558.019.3; 556.061(8).  Petitioner's due process and equal

7

protection arguments are based on his assertion that the DOC classified him as a "dangerous offender," and are without merit. The Court will deny Petitioner's 28 U.S.C. § 2254 petition [ECF No. 1].

## V. CERTIFICATE OF APPEALABILITY

A certificate of appealability may only be issued when "'the applicant has made a substantial showing of the denial of a constitutional right.'" *See Slack v. McDaniel*, 529 U.S. 473, 483 (2000) (quoting 28 U.S.C. § 2253(c)); *see also Langley v. Norris*, 465 F.3d 861, 863 (8th Cir. 2006). Petitioner has made no such showing. Furthermore, the Court does not believe that reasonable jurists might find the Court's decision debatable or wrong, for purposes of issuing a certificate of appealability under 28 U.S.C. § 2253(c)(1)(A). *Slack*, 529 U.S. at 483-84. The Court will not issue a certificate of appealability as to any claim raised in the Petition.

## VI. CONCLUSION

The Court has reviewed the entirety of Magistrate Judge Noce's Report and Recommendation, and concludes that Petitioner's objections are without merit. The Court hereby sustains, adopts, and incorporates herein the Magistrate Judge's Report and Recommendation [ECF No. 17], as supplemented by this Court's independent analysis. Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Ronnie A. Allen's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody [ECF No. 1] is **DENIED**.

**IT IS FURTHER ORDERED** that no certificate of appealability will be issued.

Dated this   13th   day of November, 2013.

E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE